**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re Application of                                          :
                                                             :
RESOURCE INTERNATIONAL HOLDINGS CV and :          24-MC-430 (JPC) (OTW)
GILMAR BATISTELA,                                            :
                                                             :          **OPINION & ORDER**
                    Petitioners,                             :
                                                             :
For an Order to Obtain Discovery Pursuant to :
28 U.S.C. § 1782 for Use in a Foreign                        :
Proceeding.                                                  :
                                                             :
                                                             :
------------------------------------------------------------x

        **ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

        The Court previously granted Petitioners discovery for use in a foreign proceeding

pursuant to 28 U.S.C. § 1782 ("Section 1782") in an *ex parte* proceeding. (ECF 18).

Subsequently, Non-Party Movants Qintess USA LLC and Qintess Holding e Participações Ltda.

(together, "Qintess") became aware of the proceeding after receiving notice of a subpoena to

their bank accounts. Now before the Court is Qintess's motion to intervene, (ECF Nos. 19, 20),

and "Motion to Vacate the Court's *Ex Parte* Order and to Quash Subpoenas for the Production

of Documents for Use in a Foreign Proceeding." (ECF Nos. 21 – 34, 38, 39).  The Court will also

address other applications for relief made during the pendency of this proceeding (ECF Nos. 40,

42, 43).

        For the reasons that follow, Qintess's motion to intervene is **GRANTED**. All other relief is

**DENIED**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with voluminous factual history underlying Petitioners' initial request for discovery. (*See, generally* ECF Nos. 1, 18). As relevant here, Petitioners Resource International Holdings CV ("Resource Holdings") and Gilmar Batistela ("Batistela") (together, "Petitioners") submitted an *ex parte* application (the "Application") to this Court in September 2024, seeking an order pursuant to Section 1782 to conduct discovery for use in a criminal investigation (the "Criminal Investigation")[1] and potential civil proceeding (the "Potential Civil Proceeding") in Brazil (together, the "Brazilian Proceedings").  (ECF 2).

The Application arises from allegations that two businessmen, Nana Baffour-Gyewu ("Baffour-Gyewu) and Frank Asante-Kissi ("Asante-Kissi") misappropriated funds in connection with Petitioners' sale of three companies (together, the "Companies").  (ECF 2 at 7–8).  In the Brazilian Proceedings, Petitioners allege, *inter alia*, that Baffour-Gyewu and Asante-Kissi secretly and improperly transferred money maintained in an escrow account (the "Escrow Account") for contingent liabilities incurred by the Companies for their own benefit.  (ECF 2 at 8).  Petitioners brought the Application to obtain documents from fourteen entities[2] (together, "Respondents") relating to the misappropriation of funds, for use in the Brazilian Proceedings, and which they believe will support their allegations against Baffour-Gyewu and Asante-Kissi. (ECF 2 at 8).

---

[1] The Criminal Investigation has been assigned the case number 1508276-53.2024.8.26.0050, and assigned to the Police Investigations Department at the Barra Funda Central Criminal Court of São Paulo.  (ECF 3 at ¶ 25).

[2] For a full list of entities, see ECF 11 at 2-4 with the exception of Midas, as the Court denied Petitioners' request to serve a subpoena on them.

The Court granted Petitioner's request on June 11, 2025, with respect to all but one entity. (ECF 18). Subsequently, Qintess brought their motion to intervene, (ECF Nos. 19, 20), and a "Motion to Vacate the Court's *Ex Parte* Order and to Quash Subpoenas for the Production of Documents for Use in a Foreign Proceeding." (ECF Nos. 21 – 34, 38, 39). Petitioner opposes. (ECF Nos. 35 – 37).

### III.    DISCUSSION

#### A.  Qintess's Motion to Intervene is Unopposed

Petitioners do not dispute Qintess should be allowed to intervene. (ECF 35 at 9). Accordingly, the Court cannot find that Petitioners' interest would be prejudiced by Qintess's intervention and will permit it to do so under Fed. R. Civ. P. 24(b). Because the Court finds Qintess may permissively intervene, the Court need not reach the question of intervention as of right. Accordingly, Qintess's motion to intervene is **GRANTED**.

#### B.  Qintess's Motion to Vacate is Premature

As is evident from the fact that Qintess submitted a proposed protective order, (ECF 42), their concerns over the protection of their financial information may be obviated by meeting and conferring with Petitioners as to just such a protective order.[3] Since neither party appears to have done so before bringing this dispute to the Court to resolve, or in the 6 months since, Qintess's motion to vacate is premature and, therefore, **DENIED WITHOUT PREJUDICE**.

---

[3] Qintess alleges that it attempted to meet and confer with Petitioner with respect to a protective order only to be told, "[t]he answer is no. Please direct any further requests to the Court's attention." (ECF 42 at 1). The parties are directed to revisit this conversation in accordance with this Order. Refusal to meet and confer in good faith may result in monetary or other sanctions pursuant to Fed. R. Civ. P. 16 and 37.

### IV.    ADDITIONAL MOTIONS BY THE PARTIES

The Court will also address three additional applications made during the pendency of Qintess's motion. Firstly, Petitioners filed ECF 43 requesting the entry of a protective order as a letter, not a letter motion. Accordingly, it is **STRICKEN**. Petitioners may refile ECF 43 as a letter motion.

Secondly, Qintess makes multiple applications within ECF 42. As to Qintess's proposed protective order, it is not stipulated to by both parties and is, therefore, premature. The parties are directed to meet and confer using the proposed protective order as a starting point to resolve this dispute. Qintess further requests a stay of discovery pending the resolution of the instant motion, which is **DENIED AS MOOT**.

Finally, the only relief requested by ECF 40 is that the Court "direct counsel for Qintess to stop harassing the Respondents in this action with baseless, bullying emails[,]" which is not an appropriate form of relief to seek from the Court. Accordingly, ECF 40 is **DENIED** as frivolous. The parties are directed to refer to the New York Bar Association's Standards of Civility, available at https://nysba.org/wp-content/uploads/2020/04/Civility-Standards-012420-1.pdf and all parties are directed to conduct themselves accordingly.

### V.    CONCLUSION

For the foregoing reasons, Qintess's motion to intervene is **GRANTED**. Qintess's motion to vacate ECF 18 and quash petitioners' subpoenas is **DENIED AS PREMATURE**; all relief requested in ECF 42 is **DENIED**; ECF 40 is **DENIED AS FRIVOLOUS;** and ECF 43 is **STRICKEN**.

4

The Clerk of Court is respectfully directed to close ECF Nos. 19, 21, 40, and 42 and to strike ECF 43.

**SO ORDERED.**

Dated: December 2, 2025
New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge

5